**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 14 B 05665 |
| Katherine L Staten and Arzrow W Staten, Sr.) | HON. Eugene R. Wedoff |
| ) | CHAPTER 13 |
| _____) | _____ |
| ) | |
| Katherine L Staten and Arzrow W Staten, Sr.) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 14 AP _____ |
| ) | |
| Beal Bank USA fka Beal Bank Nevada, ) | |
| c/o Codilis & Associates, P.C. ) | |
| ) | |
| Candica LLC c/o Weinstein & Riley ) | |
| ) | |
| Capital One, N.A. c/o American Infosource ) | |
| ) | |
| Chela ) | |
| ) | |
| Citibank ) | |
| ) | |
| City of Champaign- Legal Department ) | |
| ) | |
| City of Chicago Department of Revenue ) | |
| c/o Arnold Scott Harris PC ) | |
| ) | |
| Codilis & Associates ) | |
| ) | |
| Credit Management ) | |
| ) | |
| Dept Of Ed/Sallie Mae ) | |
| ) | |
| Emc Mortgage ) | |
| ) | |
| Hsbc Bank ) | |
| ) | |
| I C System ) | |
| ) | |
| Internal Revenue Service ) | |

LNV Corporation                              )
                                             )
Mcsi Inc                                     )
                                             )
Oak Harbor Capital LLC,                      )
c/o Weinstein & Riley, PS                    )
                                             )
PRA Receivables Management, LLC              )
                                             )
Palisades Collection LLC                     )
                                             )
Portfolio Recovery Associates LLC            )
                                             )
Receivables Management Inc                   )
                                             )
Sams Club                                    )
                                             )
Silverleaf Resorts                           )
                                             )
State of Illinois Department of Revenue      )
                                             )
US Department Of Education                   )
                                             )
Village of Homewood                          )
                                             )
Wells Fargo Financial                        )
                                             )
City of Chicago Parking                      )
                                             )
Peoples Gas                                  )
                                             )
                                             )
                  Defendants.                )

## COMPLAINT PURSUANT TO 11 U.S.C. § 105 TO IMPOSE THE RESTRAINING PROVISIONS OF 11 U.S.C. §362

NOW COME the Plaintiffs, Katherine L Staten and Arzrow W Staten, Sr. by and through their attorneys, Robert J. Semrad & Associates, and state as follows:

### Count I:
### Injunction Relief Imposing the Automatic Stay

1. That the Plaintiffs filed a petition under Chapter 13 of the U. S. Bankruptcy Code on February 21, 2014.

2. That this Honorable Court has jurisdiction pursuant to § 157 and § 1334 of Title 28, United States Code.

3. That this is a core proceeding within the meaning of § 157(B)(1) and (2) of Title 28, United States Code.

4. Venue is proper pursuant to § 1409 of Title 28, United States Code.

5. This Honorable Court has not confirmed the Plaintiffs' Chapter 13 Plan.

6. The Plaintiffs, Katherine L Staten and Arzrow W Staten, Sr., are individuals. The Defendants, Beal Bank USA fka Beal Bank Nevada, c/o Codilis & Associates, P.C. et al. are creditors of the Plaintiffs.

7. The underlying bankruptcy case is the Plaintiffs' second Chapter 13 bankruptcy during the last twelve months.

8. Plaintiffs' first Chapter 13 case, 11 B 23121, was filed on May 31, 2011 and was later dismissed on November 27, 2013 for failure to make plan payments.  Please see attached Exhibit A for Plaintiffs' affidavit. Please see attached Exhibit B for Plaintiffs' prior I & J Schedules.

9.  In the prior case, the amount of payroll deductions being taken out of Plaintiff Katherine Staten's paychecks was not enough to fund the full monthly plan payment, and Plaintiffs' accrued a large payment delinquency.

10. In the prior case, Chapter 13 Trustee filed a Motion to Dismiss for Failure to make plan payments, which was granted soon thereafter.

11. In the current case, Plaintiffs voluntarily submitted to payroll control, which has been set up to fund a full monthly plan payment.

12. In the current case both Plaintiffs are gainfully employed and in a position to make plan payments.

13. The Plaintiffs are in a position to proceed and has filed this case in good faith.

14. That the Plaintiffs request that this Honorable Court enter a judgment order imposing the restraining provisions of 11 U.S.C. § 362 through the powers granted to the Court under 11 U.S.C. § 105.

15. That equitably the restraining provisions of 11 U.S.C. § 362 should be imposed.

WHEREFORE, the Plaintiffs, Katherine L Staten and Arzrow W Staten, Sr., prays this Honorable Court for

the following relief:

## Count II:
## Declaratory Judgment that the Automatic Stay extends to the property of the Bankruptcy Estate

17. Plaintiffs reallege paragraphs 1 through 8.

18. On March 22, 2014, the Automatic Stay pursuant to § 362(c)(1)(3)(a) expired with respect to the Plaintiffs.

19. That pursuant to §362(c)(1) the automatic stay still extends to protect the

property of the bankruptcy estate until it is no longer property of the bankruptcy estate.

20. "The majority interpretation finds the phrase 'with respect to the debtor' [in section 363(c)(3)(A)] to be both critical and unambiguous, and concludes that on the 30th day after the petition date, the automatic stay terminates only with respect to the debtor and the debtor's property, but not as to property of the estate. *In re Reswick*, 446 B.R. 362, 366 (BAP 9th Cir.2011).

*See,e.g., Holcomb v. Hardeman (In reHolcomb),* 380 B.R. 813 (10th Cir. BAP 2008); *Jumpp v. Chase Home Finance, LLC (In re Jumpp),* 356 B.R. 789 (1st Cir. BAP 2006); *In re Pope,* 351 B.R. 14 (Bankr.D.R.I.2006); *In re Murray,* 350 B.R. 408 (Bankr.S.D.Ohio 2006); *In re Brandon,* 349 B.R. 130 (Bankr.M.D.N.C.2006); *Bankers Trust Co. of Cal. v. Gillcrese (In re Gillcrese),* 346 B.R. 373 (Bankr.W.D.Pa.2006); *In re Williams,* 346 B.R. 361 (Bankr.E.D.Pa.2006); *In re Harris,* 342 B.R. 274 (Bankr.N.D.Ohio 2006); *In re Jones,* 339 B.R. 360 (Bankr.E.D.N.C.2006); *In re Moon,* 339 B.R. 668 (Bankr.N.D.Ohio 2006); *In re Johnson,* 335 B.R. 805 (Bankr.W.D.Tenn.2006). *But See In Reswick,* 446 B.R. 362 (BAP 9th Cir. 2011)(disagreeing with the majority view and holding that after the 30th after the filing of the second petition the automatic stay terminates in its entirety , that is to the debtor, debtor's property and property of the bankruptcy estate); *In re Daniel,* 404 B.R. 318 (Bankr. N.D.Ill.2009)(same); *In re Curry,* 362 B.R. 394 (Bankr.N.D.Ill.2007)(same).

21. Plaintiffs seek declaratory judgment ruling that the Automatic Stay pursuant to

§362 still extends to the property of the bankruptcy estate.

A.   That this Court enter a Judgment imposing the restraining provisions of 11 U.S.C.
§ 362; and

B.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Aaron Weinberg____
By: One of the Attorneys for Plaintiff

ROBERT J. SEMRAD & ASSOCIATES, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
312-913-0625